1   Henry E. Heater (State Bar #99007)
    Linda B. Reich (State Bar #87619)
2   Endeman, Lincoln, Turek & Heater LLP
    600 "B" Street, Suite 2400
3   San Diego, California 92101-4508
    (619) 544-0123
4   Fax (619) 544-9110

5   John G. Barisone (State Bar #087831)
    City Attorney, City of Capitola
6   Atchison, Barisone, Condotti & Kovacevich
    333 Church Street
7   Santa Cruz, California  95060-3811
    (831) 423-8383
8   Fax (831) 423-9401

9   Attorneys For Defendant
    City of Capitola

10

11

12              **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13  SURF AND SAND, LLC, a          )  CASE NO. C07 05043
14  California Limited Liability   )
    Company,                       )
15                                 )  Judge: Richard Seeborg
                  Plaintiff,       )
16                                 )  **E-FILING**
    CITY OF CAPITOLA, and DOES 1   )
17  through 10, Inclusive          )  Date:  December 12, 2007
                                   )  Time: 9:30 a.m.
18                Defendants.      )  Ctrm: 3, 5th Floor
                                   )
19                                 )
                                   )  ACTION FILED: 10/01/07
20  _____  )

21

22

23      **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
            AND SUPPORTING POINTS AND AUTHORITIES**

24

25

26

27

28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

# TABLES OF CONTENTS

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.    Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1.    City enacts a mobilehome park rent stabilization Ordinance . . . . . . . . . . 3

    2.    City enacts a mobilehome park closure Ordinance . . . . . . . . . . . . . . . . . . 4

    3.    City enacts an urgency Ordinance regulating mobilehome park
         conversions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B.    Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.    ALL OF PARKOWNER'S CLAIMS ARE UNRIPE IN
      FEDERAL COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    Parkowner's As-Applied Claims Are Unripe . . . . . . . . . . . . . . . . . . . . . 7

    B.    Parkowner's Facial Claims Are Unripe . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II    PARKOWNER'S FACIAL CLAIMS AGAINST THE RCO AND
      PCLO ARE MOREOVER TIME-BARRED . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III    PARKOWNER'S COMPLAINT IN ANY EVENT FAILS TO
       STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A.    Parkowner Fails to State A Claim for Violation of Equal
          Protection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    Parkowner Fails To State A Claim For A Private Taking . . . . . . . . . . . . 10

    C.    Parkowner Fails To State A Facial Takings Claim . . . . . . . . . . . . . . . . . 13

    D.    Parkowner's Substantive Due Process Claim Fails
          Because The PCONO Is Rationally Related to A Legitimate
          Government Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLES OF AUTHORITIES

**CASES** **PAGES**

*99 Cents Only Stores v. Lancaster Redevelopment Agency,*
237 F. Supp. 2d 1123 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Armendariz v. Penman,*
75 F.3d 1311 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cogswell v. City of Seattle,*
347 F.3d 809 (9th Cir. 2003), *cert denied,* 541 U.S. 1043 (2004) . . . . . . . . . . . . . . . . . . . . . 13

*Daniels v. County of Santa Barbara,*
288 F.3d 375 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*De Anza Properties X, Ltd. v. County of Santa Cruz,*
936 F.2d 1084 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*El Dorado Palm Springs, Ltd. v. City of Palm Springs,*
96 Cal. App. 4th 1153 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11, 16

*Garneau v. City of Seattle,*
147 F.3d 802 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hacienda Valley Mobile Estates v. City of Morgan Hill,*
353 F.3d 651 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Hawaii Housing Auth'y v. Midkiff,*
467 U.S. 229 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Equity Lifestyle Properties, Inc. v. County of San Luis Obispo,*
_____ F.3d _____, 2007 U.S. App. LEXIS 22142 (9th Cir, 2007) . . . . . . . . . . . . . . . . . . . 8

*Keystone Bituminous Coal Association v. De Benedictus,*
480 U.S. 470 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kinzli v. City of Santa Cruz,*
818 F.2d 1449 (9th Cir. 1987), *cert. denied,* 484 U.S. 1043 (1988) . . . . . . . . . . . . . . . . . . . 7

*Levald, Inc. v. City of Palm Desert,*
998 F.2d 680 (9th Cir. 1993), *cert. denied,* 510 U.S. 1093 (1994) . . . . . . . . . . . . . . 7, 11, 15

*Los Altos El Granada Investors v. City of Capitola,*
139 Cal. App. 4th 629 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Manufactured Home Communities Inc. v. City of San Jose,*
420 F.3d 1022 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*New Orleans v. Dukes,*
427 U.S. 297 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Norco Construction, Inc. v. King County,*
801 F.2d 1143 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nordlinger v. Hahn,*
505 U.S. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Shelter Creek Development Corp. v. City of Oxnard,*
838 F.2d 375 (9th Cir. 1988), *cert. denied,* 488 U.S. 851 (1988) . . . . . . . . . . . . . . . . . . . . . 7

*St. Clair v. Chico,*
880 F.2d 199 (9th Cir. 1989), *cert. denied,* 493 U.S. 993 (1989) . . . . . . . . . . . . . . . . . . . . . 7

*Suitum v. Tahoe Regional Planning Agency,*
520 U.S. 725 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Salerno,*
481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Williamson County Regional Planning Commission v. Hamilton Bank,*
473 U.S. 172 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

Cal. Civ. Code § 798 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Gov't Code § 66473.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Gov't Code § 66474 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal. Gov't Code § 66474.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Gov't Code § 66475(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Gov't Code § 66499.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1                     **NOTICE OF MOTION AND MOTION TO DISMISS**

2   To Plaintiff and Its Counsel:

3         On December 12, 2007, at 9:30 a.m. in Courtroom 3, 5th Floor of the above Court

4   located at 290 South First Street, San Jose, California, Defendant City of Capitola

5   ("City") will move the Court for an order dismissing Plaintiff's Complaint for lack of

6   subject matter jurisdiction pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1)

7   and for failure to state a claim pursuant to Rule 12(b)(6).

8         This Court lacks jurisdiction over Plaintiff's claims because:

9         1.     Plaintiff's facial takings and equal protection claims with respect to City's

10   mobilehome rent stabilization Ordinance No. 770 [1] ("RCO") and mobilehome park

11   closure Ordinance 576 [2] ("PCLO") are barred by the applicable statute of limitations.

12         2.     All of Plaintiff's facial claims are unripe in Federal Court.

13         3.     Plaintiff's as-applied equal protection and takings claims are unripe in

14   Federal Court.

15         The Complaint fails to state a claim because:

16         1.     The equal protection claims fail because: (a) Plaintiff does not allege facts

17   showing it was treated differently from similarly situated private mobilehome

18   parkowners; and, (b) in any event there is a rational basis for treating privately owned

19   parks differently from resident-owned parks.

20         2.     The private takings claim fails because each challenged Ordinance serves a

21   legitimate public purpose.

22         3.     The facial public takings claim fails because the RCO guarantees Plaintiff a

23   fair return, the PCLO does not prevent park closure or make it uneconomical, and, the

24

25       [1] The RCO is codified as Capitola Municipal Code Chapter 2.18.  A copy is

26   attached as Exhibit "A" to Defendant's Request for Judicial Notice ("DRJN").

27       [2] The PCLO is codified as Capitola Municipal Code Chapter 17.90.  A copy is

28   attached as Exhibit "B" to DRJN.

1    mobilehome park conversion Ordinance[3] ("PCONO") on its face neither prevents the

2    conversion of Plaintiff's park, nor restricts the price at which its lots can be sold.

3        4.    Plaintiff's fourth cause of action for violation of substantive due process

4    fails because the PCONO is rationally related to a legitimate government purpose.

5        City bases this motion on this Notice of Motion and Motion, the accompanying

6    Memorandum of Points and Authorities, the supporting Request for Judicial Notice, and

7    all pleadings, papers and records on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

10    This case arises from Plaintiff's ("Parkowner") facial and as-applied constitutional

11    challenges to City's mobilehome rent control Ordinance ("RCO"), mobilehome park

12    closure Ordinance ("PCLO") and mobilehome park conversion Ordinance ("PCONO").

13    Parkowner owns a mobilehome park ("Park") that is subject to each Ordinance.

14        Parkowner concedes that the RCO was enacted in 1979 (Complaint at 3, ¶ 9) and

15    the PCLO in 1993. *Id.* at 5, ¶ 19.  Because the two-year statute of limitations on a facial

16    challenge to an ordinance begins running upon the ordinance's enactment (*see, e.g.,*

17    *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F. 3d 651, 655 (9th Cir.

18    2003)), the facial claims are barred by the applicable statute of limitations.

19        Parkowner's facial and as-applied claims are unripe in Federal Court because:

20    (1) Parkowner has not sought or received any final administrative decision on an

21    application for a rent increase under the RCO, an application to close its Park under the

22    PCLO, or an application to convert its Park under the PCONO; and, (2) Parkowner has

23    not sought compensation in state court. *Daniels v. County of Santa Barbara ("Daniels")*,

24    288 F. 3d 375, 381 (9th Cir. 2002).

25        Parkowner's first cause of action for denial of equal protection fails to state a

26

27    [3] The PCONO is codified as Chapter 16.70 of the Capitola Municipal Code.  A
     copy is attached as Exhibit "C" to DRJN.

28    I:\1280.010\Pleadings\002 Defs Motion to Dismiss - P&As.wpd

1  claim. Because Parkowner has not made application for an administrative decision under

2  any of the three challenged Ordinances, it has not and cannot allege that it has been .

3  treated differently from other similarly situated applicants.  To the extent the Ordinances

4  on their face distinguish privately owned parks from others, such a claim is a time-barred

5  facial claim, and the distinction in any event is rationally related to a legitimate

6  government purpose.

7        Parkowner's second cause of action for a private taking fails because the

8  challenged Ordinances on their faces are rationally related to a legitimate government

9  purpose.

10       Parkowner's third cause of action for a facial taking fails because:  the RCO on its

11  face provides Parkowner a fair return; the PCLO on its face does not make park closure

12  financially prohibitive; and, the PCONO on its face neither prevents Parkowner from

13  converting its park, nor limits the amount of money for which it can sell any individual

14  spaces upon conversion.

15       Parkowner's fourth cause of action for violation of substantive due process fails

16  because the PCONO on its face is rationally related to the legitimate government purpose

17  of preventing sham subdivisions.

18                              **BACKGROUND**

19  **A.    Factual Background**

20       **1.    City enacts a mobilehome park rent stabilization Ordinance**

21       In November 1979, City enacted Ordinance No. 459 ("RCO"), establishing review

22  of proposed mobilehome park space rent increases.  Although over the years there have

23  been several amendments, the Ordinance has continued in force to the present.  The most

24  current version is Ordinance No. 770, which is codified as Capitol Municipal Code

25  Chapter 2.18 entitled, "Mobilehome Park Rent Stabilization."  *See* DRJN, Exhibit "A".

26       Section 2.18.110 states the City's findings that prompted adoption of the

27  Ordinance.  The findings include:  rapidly rising rents caused by a shortage of vacant

28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1   spaces for mobilehomes; the large investment mobilehome owners have in their homes;

2   and, the difficulty mobilehome owners face in moving their homes.

3        Section 2.18.130 prohibits all space rent increases except those permitted under the

4   Ordinance and therefore is considered a "vacancy control" ordinance.[4]  Section 2.18.220

5   permits parkowners to annually increase space rents by the lesser of sixty percent of the

6   change in the applicable Consumer Price Index, or five percent of the existing base rent.

7   This provision is sometimes referred as the "annual permissible increase."

8        Section 2.18.300 permits parkowners to obtain additional space rent increases to

9   recoup expenses for capital improvements.  This provision is sometimes referred to as the

10  "temporary capital improvement increase."

11       Section 2.18.410 states the Ordinance's presumption that the above space rent

12  increases will provide a parkowner with a fair rate of return.  A parkowner may rebut this

13  presumption by making an appropriate application (with necessary supporting

14  documentation) that shows it is not receiving a fair return.  If successful, a parkowner will

15  receive an additional space rent increase to ensure its receipt of a fair return.  This

16  provision is sometimes referred to as a "special adjustment"or "fair return" provision.

17  **2.    City enacts a mobilehome park closure Ordinance**

18       In 1993, City adopted Ordinance 576 ("PCLO") imposing certain procedural

19  requirements on the closure or conversion of mobilehome parks.  *See* DRJN, Exhibit "B"

20  The PCLO essentially implements California Government Code sections 65863.7 and

21  66427.4 which require a mobilehome parkowner to file an impact report addressing, inter

22  alia, relocation costs to be paid to park residents upon closure or conversion of a park.

23  *See* PCLO § 17.90.010.

24

25

26       [4] The term "vacancy control" refers to restrictions on rent increase upon sale or
    transfer of a home.  It arose in the context of apartment rent control and in a bit of a
27  misnomer with respect to mobilehome rent control because generally mobilehomes
    remain on their space when sold.
28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss - P&As.wpd

1     Section 17.90.030 specifies the content of the impact report.  Section 17.90.060

2   creates several exemptions from relocation assistance obligation, including a situation

3   where the assistance might cause an economic taking of parkowner's property, *e.g*,:

4   [The] imposition of particular relocation obligations would eliminate substantially all

5   reasonable use or economic value of the property for alternative uses."  PCLO

6   § 17.90.060 D.1.

7       **3.    City enacts an urgency Ordinance regulating mobilehome park**
        **conversions**

8

9     In 2007, City adopted an Ordinance (PCONO) regulating the conversion of

10  mobilehome parks to resident ownership.  *See* DRJN, Exhibit "C."  PCONO's purpose

11  was to implement California Government Code section 66427.5(d).  Section 66427.5(d)

12  was amended effective January 1, 2003 to require a survey of park residents, prior to any

13  hearing on a subdivision map application to convert a mobilehome park to resident

14  ownership.  The survey's purpose is to ensure that the proposed conversion is "bona fide"

15  and not a sham.  *See* Cal. Gov. Code § 66427.5(d)(West Ann. Supp. 2007), Historical

16  and Statutory Notes at 128.

17      The issue of sham conversions arises from California Government Code section

18  66427.5(f)(1) which phases out rent control as to nonpurchasing residents upon the sale

19  of the first unit.  Thus a parkowner could purport to subdivide his park, sell only one unit,

20  and price the remaining units so high that no one could buy one.  He thereby could

21  effectively remove his park from rent control.  In *El Dorado Palm Springs, Ltd. v. City of*

22  *Palm Springs ("El Dorado")*, 96 Cal. App. 4th 1153, 1165 (2002), the court recognized a

23  city's identical concern over the prior version of section 66427.5.  The Court, however,

24  held that the solution to closing that loophole was legislative-not judicial.  *El Dorado,*

25  *supra*, 96 Cal. App. 4th at 1165.  ("We... agree that the argument that Legislature should

26  have done more to prevent partial conversions or sham transactions is a legislative

27  issue...").  The State Legislature thereafter responded to the *El Dorado* decision by

28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1  amending section 66427.5 to require a resident survey to determine whether a proposed

2  conversion was bona fide.

3      Section 66427.5(d) is silent as to the survey's contents.  The PCONO therefore

4  details what information is to be provided to residents in conjunction with the survey, in

5  order that residents can make informed decisions as to whether they favor conversion.

6  PCLNO section 1408.070 makes conversion approval contingent upon the conversion

7  being bona fide.  If 50% or more of the residents favor conversion, a rebuttable

8  presumption arises that the conversion is bona fide.  Conversely, where less than 50% of

9  the residents favor conversion, a rebuttable presumption arises that the conversion is not

10  bona fide.  Either presumption may be overcome by the submission of substantial

11  evidence either before or at the hearing.

12  **B.      Procedural Background**

13      On October 1, 2007, Parkowner filed its Complaint herein seeking declaratory

14  relief, damages, and injunctive relief.

15      The first cause of action alleges that as-applied, the RCO, PCLO and PCONO,

16  deprive Parkowner of equal protection of the law under the Fourteenth Amendment to the

17  United States Constitution.  Specifically, Parkowner alleges that City is treating it

18  differently from the resident-owned Turner Lane mobilehome park, which was converted

19  before the adoption of the PCONO.

20      The second cause of action alleges that City's actions (apparently in enacting the

21  RCO, PCLO and PCONO) effect a private taking of Parkowner's property in violation of

22  the Fifth Amendment to the United States Constitution.

23      The third cause of action alleges that City's "application" [*sic,* "enactment"?] of

24  the RCO, PCLO and PCONO effected a "facial taking" of Parkowner's property in

25  violation of the Fifth Amendment.

26      The fourth cause of action alleges that City's adoption of the PCONO violates

27  substantive due process under the Fifth Amendment.

28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss - P&As.wpd

1

**ARGUMENT**

2

**I.**

3

**ALL OF PARKOWNER'S CLAIMS ARE UNRIPE IN FEDERAL COURT**

4       In *Williamson County Regional Planning Comm'n v. Hamilton Bank*

5   *("Williamson")*, 473 U.S. 172, 186 and 194 (1985), the United States Supreme Court held

6   that to state a regulatory takings claim in federal court, a plaintiff must meet a two-

7   pronged test by showing: (1) the governmental entity has reached a final decision on the

8   applicability of the regulation to plaintiff's property; and, (2) the plaintiff is unable to

9   receive just compensation under state court procedures. *See also Daniels, supra,* 288 F.

10  3d at 381; *and Suitum v. Tahoe Regional Planning Agency,* 520 U.S. 725, 733-34 (1997).

11  The Ninth Circuit has applied *Williamson* ripeness doctrine to challenges to land use

12  regulations whether brought as a taking claim, or violations of equal protection or due

13  process. *St. Clair v. Chico,* 880 F. 2d 199, 202-03 (9th Cir. 1989), *cert. denied,* 493 U.S.

14  993 (1989); *Shelter Creek Dev. Corp. v. City of Oxnard,* 838 F.2d 375, 379 (9th Cir.

15  1988); *Kinzli v. City of Santa Cruz,* 818 F. 2d 1449, 1455-56 (9th Cir. 1987), *cert denied,*

16  484 U.S. 1643 (1988); and, *Norco Constr., Inc. v. King County,* 801 F.2d 1143 (9th Cir.

17  1986). Here, Parkowner's takings, equal protection, and due process claims must be

18  dismissed as unripe because Parkowner has failed to satisfy either prong of *Williamson.*

19      **A.      Parkowner's As-Applied Claims Are Unripe**

20      A facial challenge is a claim that the mere enactment of an ordinance constitutes a

21  constitutional violation; an as-applied challenge is a claim that the particular impact of a

22  particular application of an ordinance to a specific piece of property is the constitutional

23  violation. *Levald, Inc. v. City of Palm Desert ("Levald"),* 998 F.2d 680, 685 (9th Cir.

24  1993), *cert. denied,* 510 U.S. 1093 (1994). Here, Parkowner's Complaint is not always

25  clear whether it is stating "facial" or "as-applied" claims. For example, Parkowner's third

26  cause of action alleges: "City's *application* [sic "enactment"?] of the RCO, PCO and

27  conversion [sic "ordinance"] constitute a *facial* taking of property...." Complaint at

28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1    11:26-27.  In any event, Parkowner has not alleged any particularized application of any

2    ordinance as to it.  Parkowner has not applied for, or been denied a rent increase under the

3    RCO.  Nor has it applied to close or convert its Park under the PCLO or PCONO.  Under

4    the circumstances, Parkowner cannot state an as-applied claim.

5         To state a ripe as-applied claim, Parkowner would have to allege that it had:

6    (1) received a final determination by the City on a particular application under the

7    Ordinances; and, (2) that it has been denied compensation by the state.  Under the

8    circumstances to the extent Parkowner has purported to allege as-applied claims, they

9    must be dismissed as unripe.

10        **B.     Parkowner's Facial Claims Are Unripe**

11        Because a facial claim "by its nature does not involve a decision applying the

12   statute or regulation," it is exempt from the first prong of *Williamson* ripeness.  *Hacienda*

13   *Valley Mobile Estates v. City of Morgan Hill*, ("*Hacienda Valley*"),  353 F. 3d 651, 655

14   (9th Cir. 2003).  A facial claim, however, must still satisfy the second prong's requirement

15   that the plaintiff avail itself of its state compensation remedies.  *Id.; see also Equity*

16   *Lifestyle Properties, Inc. v. County of San Luis Obispo*, ___ F.3d ___, 2007 U.S. App.

17   LEXIS 22142 at 12, nn. 11 and 13 (9th Cir. Sept. 17, 2007).

18        Here, Parkowner has not availed itself of its state compensation remedies and its

19   facial claims therefore are unripe.

20                                    **II**

21   **PARKOWNER'S FACIAL CLAIMS AGAINST THE RCO AND PCLO**

22                  **ARE  MOREOVER TIME-BARRED**

23        The statue of limitations on a facial claim begins running upon enactment of the

24   challenged ordinance.  *Hacienda, supra*, 353 F. 3d at 655; and *De Anza Properties X, Ltd.*

25   *v. County of Santa Cruz*, 936 F. 2d 1084, 1085 (9th Cir. 1991).  The statute of limitations

26   for constitutional claims brought under 42 U.S.C. section 1983 is two years.  *Hacienda,*

27   *supra*, 353 F.3d at 655 and 655 n. 2.  Here, Parkowner's Complaint concedes the RCO

28   I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1 | was enacted in 1979 (Complaint at 3:8) and the PCLO was enacted "in or about 1993."

2 | Complaint at 5:2. Under the circumstance, even if Parkowner's facial challenges to the

3 | Ordinances were ripe, they in any event would be time-barred.

4 |

### III

5 | **PARKOWNER'S COMPLAINT IN ANY EVENT FAILS TO STATE A CLAIM**

6 | As discussed above, none of Parkowner's claims is ripe, and its facial claims

7 | against the RCO and PCLO moreover are time-barred. Parkowner's Complaint, also fails

8 | to state a claim.

9 | **A.    Parkowner Fails to State A Claim for Violation of Equal Protection**

10 | Parkowner's first cause of action alleges City's application of the RCO, PCLO and

11 | PCONO denied it equal protection. Complaint at 9, ¶ 34. Parkowner's claim fails

12 | because: (1) it does not allege facts showing it was treated differently from any similarly

13 | situated parkowners; and, (2) City in any event has a rational basis for treating privately-

14 | owned parks differently from resident- or City-owned parks.

15 | Parkowner does not allege that it has been treated differently from other similarly

16 | situated parkowners. More specifically:

17 |     1.    It does not allege that it applied for a rent increase under the RCO

18 | and was treated differently from other parkowners seeking rent increases.

19 |     2.    It does not allege that it sought permission to close its park and was

20 | treated differently from other parkowners under the PCLO.

21 |     3.    It does not allege that it applied to convert its park to resident

22 | ownership, but was treated differently under the PCONO from other parkowners who

23 | sought to convert their parks.

24 | Parkowner does complain that City passed the PCONO in response to Parkowner's

25 | expression of its intent to convert its park. Complaint at 7:16-21. It notes that in contrast

26 | the City had facilitated the conversion of Turner Lane prior to adoption of the PCONO.

27 | The allegations, however, show that the parks were not similarly situated. Turner Lane

28 | I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1    already had been purchased by a non-profit corporation formed by its residents as a first

2    step toward subdivision of the park and sale of its lots to the residents. Moreover, Turner

3    Lane was not subject to rent control under the RCO. *See* DRJN, Exhibit "A," RCO

4    §2.18.120C. Therefore, the danger of a sham conversion to avoid rent control simply did

5    not exist.

6         Assuming arguendo, Parkowner could be seen as similarly situated to resident-

7    owned parks, all that is required is that there be a rational basis for any dissimilar

8    treatment. *See, e.g., Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992)(The equal protection

9    clause is satisfied so long as there is a plausible policy reason for the classification.) As

10   the United States Supreme Court noted in *New Orleans v. Dukes*, 427 U.S. 297, 303

11   (1976):

12           [T]he State need not articulate its reasoning at the moment a
             particular decision is made. Rather, the burden is upon the

13           challenging party to negate any reasonably conceivable set of
             facts that could provide a rational basis for the classification.

14

15        Here the PCONO was enacted to protect against sham conversions to avoid rent

16   control. Because resident-owned Turner Lane was not subject to rent control, the danger

17   of a sham conversion was not presented and the City did have the same need to enact the

18   PCONO as it had when Parkowner herein stated its intention to convert.

19       **B.**    **Parkowner Fails To State A Claim For A Private Taking**

20        Parkowner's second cause of action alleges that City's actions [apparently with

21   respect to the RCO, PCLO and PCONO] effected a private taking of its property. In

22   order to assert such a claim, Parkowner must allege that the Ordinances serve no

23   legitimate public purpose, and were enacted solely to transfer its property to its residents.

24   *See Hawaii Housing Auth'y v. Midkiff ("Midkiff"), 467 U.S. 229, 245 (1984).* Here, the

25   challenged Ordinances all serve legitimate public purposes.

26        The RCO states City's findings that prompted its adoption: rapidly rising rents

27   caused by a shortage of vacant spaces for mobilehomes; the large investment mobilehome

28

1  owners have in their home; and, the difficulty mobilehome owners face in moving their

2  homes. DRJN, Exhibit "A," RCO § 2.18.110. The Ninth Circuit consistently has held

3  that mobilehome rent control ordinances serve the legitimate public interests of protecting

4  residents from rapidly rising rents and protecting the equity they have in their homes.

5  *See, e.g., Levald, supra,* 998 F.2d at 690.

6      The PCLO states its findings and purpose in section 17.90.010. *See* DRJN,

7  Exhibit "B." It notes the considerable investment mobilehome owners have in their

8  homes, and that due to their vulnerability, mobilehome owners are given unique

9  protections against eviction (*e.g.,* Cal. Civ. Code § 798, et seq.), including the imposition

10 of a relocation impact report under California Government Code sections 65863.7 and

11 66427.4, when there is a change of use of a mobilehome park. Thus, the PCLO merely

12 implements an existing state statutory scheme. The payment of relocation costs is a

13 mandate initially imposed by state law.

14     The PCONO likewise was enacted to implement "the mandatory provisions of

15 [California] Government Code sections 66427.5." *See* DRJN, Exhibit "C," PCONO

16 1607.080, section 4. As discussed above, section 66427.5 was amended to require a

17 survey of mobilehome park residents to ensure that any park conversion is bona fide.

18 Section 4 explains inter alia, the need for an urgency ordinance, and the purpose of

19 preventing sham conversions, a purpose that the *El Dorado* court *supra,* stated was a

20 proper legislative response to a legitimate concern. *El Dorado, supra,* 96 Cal. App. 4th at

21 1165. The PCONO also requires an engineering report assessing the condition of park

22 infrastructure. PCONO § 1670.040 I. This requirement is not remarkable, but is

23 consistent with other provisions of the Subdivision Map Act. *See* Cal. Gov't Code

24 § 66499.30, et seq. The Act requires that local agencies ensure that each subdivision has

25 adequate infrastructure to serve the subdivision, including roads, water, sewer, and public

26 services (Cal. Gov't Code §§ 66473.7, 66474.6, and 66475-66489), that environmental

27 impacts are mitigated (Cal. Gov't Code § 66475(e)) and that the proposed parcels and

28 I:\1280.010\Pleadings\002 Def's Motion to Dismiss.- P&As.wpd

1  improvements are appropriate and safe for their intended use.  Cal. Gov't Code § 66474.

2      Parkowner's reliance in its Complaint on *Armendariz v. Penman ("Armendariz")*,

3  75 F. 3d 1311 (9th Cir. 1996) and *99 Cents Only Stores v. Lancaster Redevelopment*

4  *Agency ("99 Cents Only")*, 237 F. Supp.2d 1123 (C.D. Cal. 2001), *appeal dismissed*, 60

5  Fed. Appx. 123, 2003 U.S. App. LEXIS 4197 (9th Cir. 2003), is misplaced.

6      In *Armendariz, supra*, Armendariz had his property condemned for violating local

7  housing ordinances.  Armendariz sued alleging there was a scheme to take his property so

8  that a shopping center developer could buy the property.  The Ninth Circuit held that

9  Armendariz had stated a cause of action for a "private taking."  The Court pointed out

10 that because the City Council had never publicly set forth the purpose for its action, its

11 action was not entitled to the normal deference.  *Id.* at 1321.

12     Here, not only do City's Ordinances state legitimate public purposes for their

13 enactment, but Parkowner has alleged no facts demonstrating that the City's true intent in

14 enacting and enforcing them was to take away its property.  In contrast, the plaintiffs in

15 *Armendariz* submitted documents prepared by city officials that **acknowledged** that the

16 purpose behind the regulations and mass code enforcement sweeps was to deprive the

17 owner of its property.  Moreover, here Parkowner can challenge the City's actions

18 through the Ordinances' hearing processes.  In contrast, the regulations in *Armendariz*

19 had no hearing process, and the license revocations and building foreclosures occurred

20 without any notice.

21     In *99 Cents Only*, a lessee in a regional shopping center, was informed by a city

22 that Costco, the center's anchor tenant, wanted to expand into its space.  After *99 Cents*

23 *Only* turned down city's offer to purchase its leasehold, the city authorized the

24 condemnation of *99 Cents Only's* leasehold interest, but did not include any findings of

25 blight or other reasons justifying the public purpose of the condemnation action.  The

26 district court agreed that this was not a taking for public purpose, pointing out that

27 although normally judicial deference was required, such deference was not appropriate

28 I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1    where the ostensibly public use was "demonstrably pretextual."

2         In *Midkiff, supra,* 467 U.S. at 240, the United States Supreme Court noted:

3            There is, of course, a role for courts to play in reviewing a

4    legislature's judgment of what constitutes a public use, even
when the eminent domain power is equated with the police

5    power. But ... it is "an extremely narrow" one. ...[D]eference
to the legislature's "public use" determination is required

6    "until it is shown to involve an impossibility. ... In short, the
Court has made clear that it will not substitute its judgment as

7    to what constitutes a public use "unless the use be palpably
without reasonable foundation."

8         Here the City did make findings justifying legitimate public purposes that are not

9    demonstrably pretextual.  Under the circumstances, Parkowner's private taking claim

10    fails.

11        **C.**    **Parkowner Fails To State A Facial Takings Claim**

12         Parkowner's third cause of action alleges "the City's *application* of the RCO,

13    PCLO, and PCONO constitute [sic] a *facial* taking of property...."  Complaint at 11:26-27

14    (emphasis added).  Notwithstanding the use of the word "application," Parkowner's claim

15    is a facial one because it is not challenging any particular application of the Ordinances to

16    its property.

17         Parkowner's burden on its facial takings claim is to show that no matter how they

18    are applied the Ordinances will deprive it of substantially all economically viable use of

19    its property. *United States v. Salerno,* 481 U.S. 739, 745 (1987)("A facial challenge to a

20    legislative Act, is of course, the most difficult challenge to mount successfully since the

21    challenger must establish that no set of circumstances exists under which the Act would

22    be valid."  As the Ninth Circuit agreed in *Cogswell v. City of Seattle,* 347 F. 3d 809, 813-

23    14 (9th Cir. 2003):

24

25            In order to prevail on this facial challenge to the [restriction],
[plaintiff] must meet a high burden of proof; [he] must

26    'establish that no set of circumstances exists under which the
[restriction] would be valid.  The fact that the [restriction]

27    might operate unconstitutionally under some conceivable set
of circumstances is insufficient to render it wholly invalid.

28    I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1    In *Garneau v. City of Seattle ("Garneau")*, 147 F. 3d 802, 807 (1998), the Ninth

2    Circuit noted the "uphill battle" a facial takings claimant had because "[i]n facial takings

3    claims, the inquiry is further limited to whether 'mere enactment' of the regulation has

4    gone too far." In *Keystone Bituminous Coal Ass'n v. De Benedictus*, 480 U.S. 470, 495

5    (1987) the United States Supreme Court stated:

6        The test to be applied in considering this facial [takings]
         challenge is fairly straightforward. A statute regulating the
7        uses that can be made of property effects a taking if it 'denies
         an owner economically viable use of his land....'

8
    In *Garneau, supra*, 147 F. 3d at 807-08, the Ninth Circuit emphasized the type of
9
10   economic impact a plaintiff must show to establish a facial regulatory taking:

11       [Plaintiffs must show that the diminution in value [caused his
         property by the ordinance] is so severe that the [government
12       agency] has essentially appropriated their property for public
         use.
13                            . . .
         [Plaintiffs have failed to sow the type of '<u>extreme</u>
14       <u>circumstances</u>' necessary to sustain a regulatory takings claim
         . . .. [Emphasis added.]
15
         Plaintiffs have not generally alleged that the [ordinance]
16       makes it commercially impracticable for them to continue
         operating their apartment buildings. [Citation] Indeed, not a
17       single member of the plaintiff class had pointed to a single
         apartment building that can no longer be operated for profit.
18
19       Turning to the RCO here, a mobilehome rent control ordinance does not effect a

20   regulatory taking so long as it provides a parkowner a fair return. *See, e.g., Manufactured*

21   *Home Communities Inc. v. City of San Jose,* 420 F.3d 1022, 1028, 1031 (9th Cir.

22   2005)("'Fair return is the constitutional measuring stick by which every rent control board

23   decision is evaluated.'") The RCO presumes that its permissive increase provision will

24   provide  parkowners a fair return; however, a parkowner can apply for additional rent

25   increases if it does not believe it is receiving a fair return. *See DRJN,* Exhibit "A," RCO

26   §§ 2.18.400 and 2.18.410. Under the circumstances, Parkowner cannot allege that there

27   is no way the RCO could be applied to provide it a fair return. Indeed, in *Los Altos El*

28   *Granada Investors v. City of Capitola ("Los Altos")*, 139 Cal. App. 4th 629 (2006), a

1  mobilehome parkowner sued City seeking, inter alia, an administrative writ claiming the

2  denial of a rent increase under the RCO deprived it of a fair return. On appeal, the Court

3  of Appeal denied the writ and affirmed the Rent Board's decision. *Los Altos, supra,* 139

4  Cal. App. 4th at 655-58. Thus, it previously has been adjudicated that the RCO can

5  provide a fair return.

6       Likewise, nothing on the face of the PCLO suggests that it cannot be applied in

7  any way so as to prevent a taking of Parkowner's property. The PCLO simply establishes

8  procedures and specifies the determination of specific facts to compile an impact report

9  on park residents with respect to closure of a park. It does not specify any particular cost

10  to a parkowner arising from a closure. Moreover, it specifically exempts from relocation

11  assistance a situation where: "[The] imposition of any relocation obligations would

12  eliminate substantially all reasonable use or economic values of the property for alternate

13  [sic] uses...." *See* DRJN, Exhibit "B," PCLO § 17.90.060 C.1. In short the economic

14  impact of any closure of Parkowner's park, could only be determined after Parkowner

15  applied to close the Park and a determination was made as to the amount of any relocation

16  assistance it would have to provide.

17       Finally, nothing on the face of the PCONO suggests that its mere enactment

18  effected a taking of Parkowner's Park. It neither prevents conversion of the Park nor sets

19  a price limit on lots that may be sold to the Park residents. Again, until such time as

20  Parkowner applies for subdivision map approval, the PCONO's economic impact, if any,

21  on its property simply cannot be determined.

22  **D.    Parkowner's Substantive Due Process Claim Fails Because The PCONO Is Rationally Related to A Legitimate Government Purpose**

23  Parkowner's fourth cause of action alleges City's enactment of the PCONO and

24  the PCONO itself are arbitrary, capricious, and unreasonable and therefore apparently

25  (from the caption) violate substantive due process. Parkowner's claim is meritless.

26  In *Levald, supra,* 998 F. 2d at 680, the Ninth Circuit stated:

27       In reviewing economic legislation on substantive due process

28  I:\1280.010\Pleadings\002 Defs Motion to Dismiss.- P&As.wpd

1  grounds, we give great deference to the judgment of the legislature. "Ordinances survive a substantive due process challenge if they were designed to accomplish an objective within the government's police power, and if a rational relationship existed between the provisions and purpose of the ordinances."...

Here, as previously discussed, the *El Dorado* court expressly found that there was a legitimate government concern over sham mobilehome park conversions and that it was a proper subject for remedial legislation. 96 Cal. App. 4th at 1165. The California Legislature responded by amending Government Code section 66427.5 to require a resident survey for the purpose of determining whether the proposed conversion of a park is bona fide. The provisions of City's PCONO are rationally related to this legitimate state purpose.

## CONCLUSION

The Court should dismiss all of Parkowner's claims as unripe. Parkowner cannot state any as-applied constitutional challenges until: (1) it applies and receives a final administrative determination on an application under any of the Ordinances; and, (2) it avails itself of its State corporation remedies. Its facial claims likewise are unripe because Parkowner has failed to seek compensation in state court.

Parkowner's facial challenges to the RCO and PCLO are moreover barred by the applicable statute of limitations. Finally, all of Parkowner's allegations in any event fail to state a claim on which relief may be granted.

Dated: November 7, 2007

Respectfully Submitted,
Henry E. Heater
Linda B. Reich
Endeman, Lincoln, Turek & Heater LLP

John G. Barisone
City Attorney, City of Capitola
Atchison, Barisone, Condotti & Kovacevich

By: _____
Henry E. Heater
Attorneys for Defendant City of Capitola

I:\1280.010\Pleadings\002 Defs Motion to Dismiss - P&As.wpd

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AND SUPPORTING POINTS AND AUTHORITIES          C07 05043 RS
-16-