1  Henry E. Heater (State Bar #99007)
   Linda B. Reich (State Bar #87619)
2  Endeman, Lincoln, Turek & Heater LLP
   600 "B" Street, Suite 2400
3  San Diego, California 92101-4508
   (619) 544-0123
4  Fax (619) 544-9110

5  John G. Barisone (State Bar #087831)
   City Attorney, City of Capitola
6  Atchison, Barisone, Condotti & Kovacevich
   333 Church Street
7  Santa Cruz, California  95060-3811
   (831) 423-8383
8  Fax (831) 423-9401

9  Attorneys For Defendant
   City of Capitola

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13  SURF AND SAND, LLC, a            )  CASE NO. C07 05043
    California Limited Liability      )
    Company,                          )
14                                    )  Judge:  Richard Seeborg
                Plaintiff,            )
15                                    )
    CITY OF CAPITOLA, and DOES 1     )  **E-FILING**
16  through 10, Inclusive            )
                                      )  Date:  December 19, 2007
17              Defendants.           )  Time:  9:30 a.m.
                                      )  Ctrm: 3, 5th Floor
18                                    )
                                      )  ACTION FILED: 10/01/07
19  _____ )

20

21

22         **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
                  **TO MOTION TO DISMISS**
23

24

25

26

27
   I:\1280.010\Pleadings\006 Defs Reply to Pts Oppos.wpd
28

1

**TABLE OF CONTENTS**

2

<u>Pages</u>

3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5

I    PARKOWNER'S FACIAL CHALLENGES TO THE RCO AND
     PCLO ARE TIME-BARRED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6

II    NONE OF PARKOWNER'S CLAIMS IS RIPE . . . . . . . . . . . . . . . . . . . . . . . 3

7

8

    A.    Parkowner's Substantive Due Process And Equal Protection
        Claims Are Unripe . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9

    B.    Parkowner's Private Takings Claim Is Unripe . . . . . . . . . . . . . . . . . . . . 4

10

    C.    Parkowner Cannot Establish A Futility Exception To *Williamson* . . . . . . . 5

11

    D.    Regardless Whether Ripeness Doctrine Is Prudential, Dismissal
        Of Unripe Claims Is Mandatory . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12

13

III    NONE OF PARKOWNER'S ALLEGATIONS STATES A CLAIM UPON
       WHICH RELIEF MAY BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14

    A.    Parkowner Does Not State A Facial Equal Protection Claim . . . . . . . . . . 6

15

    B.    Parkowner Does Not State A Substantive Due Process Claim . . . . . . . . . 7

16

    C.    Parkowner Does Not State Either A Public Or A Private Takings Claim . . 7

17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS

C07 05043 RS

1

**TABLE OF AUTHORITIES**

2

<u>CASES</u>                                                                                          <u>Pages</u>

3
*Action Apartment Association v. Santa Monica Rent Control Board,*
____ F.3d ___, 2007 DJDAR 17779 (9th Cir. Dec. 3, 2007) . . . . . . . . . . . . . . . . . . . . . . 5

4

5
*Armendariz v. Penman,*
75 F.3d 1311 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6
*Broughton Lumber Co. v. Columbia River Gorge Commission,*
975 F.2d 616 (9th Cir. 1992), *cert. denied,* 510 U.S. 813 (1993) . . . . . . . . . . . . . . . . . . . . 6

7

8
*City of Monterey v. Del Monte Dunes at Monterey, Ltd.,*
526 U.S. 687 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

9
*De Anza Properties X, Ltd v. County of Santa Cruz,*
936 F.2d 1084 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

10

11
*Equity Lifestyle Properties, Inc. v. County of San Luis Obispo,*
____ F.3d ____, 2007 DJDAR 14419 (9th Cir. Sept. 17, 2007) . . . . . . . . . . . . . . . . . . . . 1, 6

12
*Forseth v. Village of Sussex,*
199 F.3d 363 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

13

14
*Hotel & Motel Association of Oakland v. City of Oakland,*
344 F.3d 959 (9th Cir. 2003), *cert. denied, 542 U.S. 904 (2004)* . . . . . . . . . . . . . . . . . . . . 8

15
*Kavanau v. Santa Monica Rent Control Bd.,*
16 Cal. 4th 761 (1997), *cert. denied,* 522 U.S. 1077 (1998) . . . . . . . . . . . . . . . . . . . . . . . 5

16

17
*Kinzli v. City of Santa Cruz,*
818 F.2d 1449 (9th Cir. 1987), *cert. denied,* 484 U.S. 1043 (1988) . . . . . . . . . . . . . . . . . . . . 3

18
*Mission Oaks Mobile Home Park v. City of Hollister,*
989 F.2d 359 (9th Cir. 1993), *cert. denied, 510 U.S. 1110 (1994)* . . . . . . . . . . . . . . . . . . . . 1, 6

19

20
*Patel v. City of Chicago,*
383 F.3d 569 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

21
*Shelter Creek Development Corp v. City of Oxnard,*
838 F.2d 375 (9th Cir. 1988), *cert. denied,* 488 U.S. 851 (1988) . . . . . . . . . . . . . . . . . . . . 1, 3

22

23
*Suitum v. Tahoe Regional Plan. Agency,*
520 U.S. 725 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24
*The San Remo Hotel v. City and County of San Francisco,*
145 F.3d 1095 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

25

26

27

28
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
C07 05043 RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Williamson County Regional Planning Commission v. Hamilton Bank,*
473 U.S. 172 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 6

**<u>STATUTES</u>**                                                                                 **<u>Pages</u>**

Cal. Civ. Proc. Code § 335.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Gov. Code § 66427,5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I:\1280.010\Pleadings\006 Defs Reply to Plts Oppos.wpd

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
-iii-                                                                      C07 05043 RS

1

## INTRODUCTION

2          Notwithstanding Plaintiff's ("Parkowner") Opposition, the Court should grant

3    Defendant's ("City") Motion to Dismiss because:

4          1.      Parkowner concedes that all its constitutional claims are facial challenges.

5    Its facial challenges to City's mobilehome park rent control ("RCO") and park closure

6    ("PCLO") ordinances are time-barred because they were not brought within two years of

7    their enactment.  Parkowner's citation to *De Anza Properties X, Ltd v. County of Santa*

8    *Cruz ("De Anza")* 936 F. 2d 1084 (9th Cir. 1990), is inapposite.  *De Anza* supports

9    dismissal of Parkowner's facial claims.

10         2.      All of Parkowner's claims, are unripe under *Williamson County Regional*

11   *Planning Comm'n v. Hamilton Bank ("Williamson")*, 473 U.S. 172 (1985).  In *Shelter*

12   *Creek Dev. Corp v. City of Oxnard,* 838 F.2d 375 (9th Cir. 1988), the Ninth Circuit held

13   that <u>facial</u> equal protection and due process claims had to satisfy the same ripeness

14   requirements as takings claims.  Thus, although facial claims do not have to satisfy the

15   first *Williamson* prong of a final administrative decision, they still have to meet the

16   second state compensation prong.  Nor does Parkowner come within the futility exception

17   to *Williamson* ripeness; both the United States Supreme Court and the Ninth Circuit

18   consistently have held that California state courts provide adequate procedural

19   compensation remedies for regulatory takings.  *See, e.g., City of Monterey v. Del Monte*

20   *Dunes at Monterey, Ltd.*, 526 U.S. 687, 721 (1999); *Equity Lifestyle Properties, Inc. v.*

21   *County of San Luis Obispo*, _____ F. 3d _____, 2007 DJDAR 14419, 1421-22 (9th Cir.

22   Sept. 17, 2007); *The San Remo Hotel v. City and County of San Francisco*, 145 F. 3d

23   1095, 1102 (9th Cir. 1998); and, *Mission Oaks Mobile Home Park v. City of Hollister*, 989

24   F. 2d 359, 361 (9th Cir. 1993).

25         3.      Parkowner's facial private and public takings claims also fail on the merits

26   because:  (a) the challenged ordinances serve legitimate public purposes; and, (b) nothing

27   I:\1280.010\Pleadings\006 Defs Reply to Plts Oppos.wpd

28
## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
## TO MOTION TO DISMISS

C07 05043 RS

1  on the faces of the ordinances suggests that their mere enactment deprived Parkowner of

2  substantially all economically viable use of its property.

3        4.      Parkowner's facial equal protection claims also fail on the merits because

4  on their faces, the ordinances do not treat similarly situated parkowners differently.

5        5.      Parkowner's substantive due process claims also fail on the merits because

6  on their faces the ordinances are rationally related to legitimate government purposes.

7                              **ARGUMENT**

8                                  **I**

9        **PARKOWNER'S FACIAL CHALLENGES TO THE RCO**
         **AND PCLO ARE TIME-BARRED**

10

11        In its Opposition, Parkowner avers that its Complaint "raises only facial

12  constitutional claims... ." Opp. at 17.l.  A facial challenge to an ordinance must be

13  brought within two years of the ordinance's enactment.  *E.g., De Anza, supra*, 936 F.2d at

14  1085.[1]

15        Parkowner argues that the enactment of the park conversion ordinance

16  ("PCONO") somehow restarted a new statute of limitations on its facial challenges to the

17  RCO and PCLO.  Parkowner's reliance on *De Anza, supra,* is misplaced.

18        In *De Anza*, parkowners' facial challenge to a rent control ordinance was

19  dismissed as time-barred.  On appeal, parkowners argued that because the ordinance

20  subsequently was reenacted twice upon expiration of a sunset provision, and ultimately

21  amended to eliminate the sunset provision, parkowners were entitled to a fresh statute of

22  limitations on  a permanent, as opposed to temporary, takings claim.  The Ninth Circuit

23  rejected the argument, stating:

24

25

26        [1]  *De Anza's* reference to a one-year statute of limitations is no longer accurate
     because California Civil Procedure Code section 335.1 subsequently was amended to
27   extend the period to two years effective 2003.
     I:\1280.010\Pleadings\006 Defs Reply to Pls Oppos.wpd

28                    DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
                          TO MOTION TO DISMISS

                                     C07 05043 RS

1
2
3
4

> The flaw in this theory is that the provision of the ordinance which they challenge has remained exactly the same since [the original date of the ordinance's enactment]. The conduct of the county has thus remained exactly the same at all times material to the case, and the effect of the ordinance upon the plaintiffs has not altered.

936 F.3d at 1086.

5
6

Here, the PCONO did not amend or in any way alter the effect of the RCO and

7

PCLO on Parkowner. Indeed, it regulates a completely different aspect of Parkowner's

8

property. Under the circumstances Parkowner's claims against the RCO and PCLO are

9

barred by the statute of limitations.

## II

10

## NONE OF PARKOWNER'S CLAIMS IS RIPE

11
12

### A.    Parkowner's Substantive Due Process And Equal Protection Claims Are Unripe

13

Parkowner argues without authority that the Ninth Circuit has not held that

14

*Williamson's* state compensation prong applies to substantive due process or equal

15

protection claims. Parkowner overlooks the Ninth Circuit opinion in *Shelter Creek*

16

*Development Corp. v. City of Oxnard*, 838 F. 2d 375 (9th Cir. 1988). There, property

17

owners brought both facial and as-applied challenges to an apartment conversion

18

ordinance alleging it violated equal protection and due process. The Court in determining

19

the claims were unripe, referenced its decision in *Kinzli v. City of Santa Cruz*, 818 F. 2d

20

1449 (9th Cir. 1987) noting: "We left no doubt that equal protection claims and due

21

process claims are to be analyzed in the same way that regulatory takings claims are

22

analyzed... ." 838 F. 2d at 379. Although it is true the Court went on to focus on the first

23

*Williamson* prong, it never claimed the second prong did not apply to the facial claims.

24

To the contrary, it directed that the facial claims be dismissed too, even though they did

25

not have to satisfy *Williamson's* first ripeness prong.

26
27

I:\1280.010\Pleadings\006 Defs Reply to Plts Oppos.wpd

28

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS

-3-

C07 05043 RS

1    Parkowner cites a Seventh Circuit opinion (*Forseth v. Village of Sussex*

2    *("Forseth")* 199 F. 3d 363 (7th Cir. 2000)), for the broad proposition that "Federal Courts

3    have recognized that *Williamson's* ripeness requirements only apply to takings claims."

4    Opp. at 17:20-21.  Forseth, however, is not helpful to Parkowner on this point.

5    First, although *Forseth* did hold that a bona fide equal protection claim (one that

6    was not alleged to circumvent ripeness requirements) was not subject to *Williamson*, the

7    property owners' substantive due process and private takings claims were.  1990 F.3d at

8    368-370, and 369 n. 8.

9    Second, in *Patel v. City of Chicago ("Patel")*, 383 F. 3d 569 (7th Cir. 2004), the

10   Seventh Circuit clarified its *Forseth* holding.  It noted that *Williamson* did not apply to

11   bona fide equal protection claims where the plaintiff alleged: a fundamental right or

12   suspect classification; or "'governmental action wholly impossible to relate to legitimate

13   government objections.'"  383 F. 3d at 573.  The *Patel* panel went on to hold that the

14   equal protection claim before it was not ripe because it was merely a recasting of the

15   property owners' takings claim:

16          Plaintiffs' characterization of both the injury they have
               suffered and the relief they seek places their claim squarely
17          within the rubric of a takings claim and the coverage of
               *Williamson* County.
18
     Id.
19

20   Likewise, Parkowner's equal protection claim here "is not based on membership in

21   a protected class."  It merely arises from the same core facts that support its takings

22   claims.  Thus, even if Seventh Circuit opinions were binding on this Court, Parkowner's

23   equal protection and substantive due process claims would still be unripe.

24   **B.    Parkowner's Private Takings Claim Is Unripe**

25   Parkowner argues, without authority, that *Williamson* ripeness does not apply to a

26   private taking because government cannot take property for a purely "private" purpose

27   even if it pays money for it.  City has found no Ninth Circuit authority directly on point;

I:\1280.010\Pleadings\006 Defs Reply to Plts Oppos.wpd

28

1    however, other Circuits have subjected private takings claims to *Williamson* ripeness

2    requirement. *See, e.g., Forseth, supra* 199 F. 3d at 369 n. 8.

3          Moreover, with the Ninth Circuit's recent overturning of *Armendariz v. Penman*,

4    75 F. 3d 1311 (9th Cir. 1996)[2] (*see Action Apartment Ass'n v. Santa Monica Rent Control*

5    *Bd.*, _____ F. 3d _____, 2007 DJDAR 17779, 17781(9th Cir. Dec. 3, 2007)), it appears

6    Parkowners's private taking claim should be treated as a stand-alone substantive due

7    process claim that the ordinances effected a taking without a rational relationship to any

8    legitimate public purpose. As discussed above, the Ninth Circuit applies ripeness

9    requirements to substantive due process claims.

10         Finally the subjection of private takings claims to ripeness is consistent with the

11   public policies underlying the Ninth Circuit's decisions concerning equal protection and

12   substantive due process. It would prevent a plaintiff from recasting its public taking

13   claim as a private taking claim to avoid ripeness requirements, and it would obviate

14   simultaneous piecemeal adjudication of constitutional claims in both federal and state

15   forums.

16   **C.    Parkowner Cannot Establish A Futility Exception To *Williamson***

17         Parkowner asserts it cannot obtain adequate compensation for its takings claims

18   under the RCO, and the Court therefore should recognize a "futility" exception from

19   *Williamson's* state compensation prong. *See* Opp. at 18-20. Specifically, Parkowner

20   argues that the state procedure, an upward adjustment of future rents called a "Kavanau

21   adjustment" (*see Kavanau v. Santa Monica Rent Control Bd.*, 16 Cal. 4th 761(1997), is

22   somehow inadequate. The Ninth Circuit, however, consistently has rejected this

23   argument. *See, e.g., City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S.

24

25

26   [2] In *Armendariz*, the Ninth Circuit had held that a property owner could not state a
     stand-alone substantive due process claim because such claim was subsumed within a

27   Fifth Amendment takings claim.
     I:\1280.010\Pleadings\006 Defs Reply to Pls Oppos.wpd

28   DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
     TO MOTION TO DISMISS

                                    -5-                                   C07 05043 RS

1  687, 721 (1999); *Equity Lifestyle Propeties, Inc. v. County of San Luis Obispo,* _____ F.

2  3d ____, 2007 DJDAR 14419, 1421-22 (9th Cir. Sept. 17, 2007); *The San Remo Hotel v.*

3  *City and County of San Francisco,* 145 F. 3d 1095, 1102 (9th Cir. 1998); and, *Mission*

4  *Oaks Mobile Home Park v. City of Hollister,* 989 F. 2d 359, 361 (9th Cir. 1993).

5      Parkowner does not argue any futility exception respecting its challenges to the

6  PCONO or PCLO.

7  **D.    Regardless Whether Ripeness Doctrine Is Prudential, Dismissal Of Unripe Claims Is Mandatory**

8

9      Parkowner argues that ripeness is a prudential doctrine citing, *Suitum v. Tahoe*

10  *Reg'l Plan. Agency,* 520 U.S. 725 (1997).  The Ninth Circuit has not squarely addressed

11  the issue; however, where *Williamson's* two prongs are met, the Ninth Circuit has treated

12  dismissal as mandatory.  *See, e.g, Broughton Lumber Co. v. Columbia River Gorge*

13  *Comm'n,* 975 F. 2d 616, 621 (9th Cir. 1992) ("If a claim is not ripe for review, the federal

14  courts lack subject matter jurisdiction and they must dismiss").

15      Whether the doctrine is prudential only answers the question whether the dismissal

16  comes from a lack of jurisdiction or simply a policy of declining jurisdiction over claims

17  that are unripe.  For example *Younger* abstention involves a similar situation wherein

18  federal courts decline subject matter jurisdiction out of comity in deference to ongoing

19  state proceedings.  Even though the exercise of such abstention may be "prudential,"

20  dismissal is still mandatory where the requisite conditions for *Younger* abstention exist.

        **III**

21  **NONE OF PARKOWNER'S ALLEGATIONS STATES A CLAIM UPON**
22  **WHICH RELIEF MAY BE GRANTED**

23  **A.    Parkowner Does Not State A Facial Equal Protection Claim**

24      As discussed above, Parkowner's facial claims with respect to the RCO and PCLO

25  are time-barred.  Moreover, Parkowner fails to explain in what matter those ordinances on

26

27

28  DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
    TO MOTION TO DISMISS
                                    C07 05043 RS
    -6-

1    their face somehow violate equal protection. Mobilehome parkowners simply are not a

2    protected class.

3       After asserting its constitutional claims were only facial (in an attempt to avoid

4    ripeness issues) Parkowner nevertheless describes its equal protection claim as something

5    other than a facial claim. Parkowner does not contend that the PCONO on its face treats

6    similarly situated parkowners differently; indeed, it does not. Instead Parkowner appears

7    to contend that it is City's very act of choosing to adopt a facially neutral ordinance that

8    constitutes the equal protection claim. Opp. at 13:23-28. Parkowner notes that City did

9    not enact such an ordinance prior to the conversion of Turner Lane Mobilehome Park.

10      City is unaware of any case in which the mere act of adopting a facially valid

11   ordinance has been found to be an equal protection violation. Indeed any time a new

12   ordinance regulates a class of property owners, a property owner can complain that

13   similarly situated owners were not regulated prior to the ordinance's adoption. This is

14   simply not an equal protection violation. In any event, Parkowner completely fails to

15   consider that Turner Lane was converted from a resident-owned corporation and the Park

16   therefore was not subject to the RCO. The threat of a sham conversion to avoid rent

17   control simply did not exist. Parkowner's announced intention to convert, however,

18   directly raised that concern. Therefore, Parkowner cannot show it was similarly situated

19   with respect to Turner Lane or that there was no rational basis for adopting the PCONO.

20      **B.    Parkowner Fails To State A Substantive Due Process Claim**

21      In its moving papers, City argued there was a rational basis for its adoption of the

22   RCO and PCLO. Parkowner's Opposition ignores those arguments, and instead contends

23   there is no rational basis for the PCONO. Opp. at 15-16.

24      Parkowner argues that a resident survey is not rationally related to whether a

25   conversion is bona fide. Parkowner ignores the fact that it was the State Legislature

26   which amended Government Code 66427.5 to provide for a resident survey to help

27   I:\1280.010\Pleadings\006 Defs Reply to Plts Oppos.wpd

28

1    determine that very issue. Given that the most likely buyers of the spaces in a park are its

2    current residents, a survey which shows little resident support is certainly indicative of a

3    conversion not likely to succeed. If a Parkowner announces an intention to convert,

4    where it seems likely to fail, a reasonable inference is that the Parkowner really is not

5    interested in conversion, but merely wants to avoid rent control.

6        Parkowner ironically complains that the PCONO does not limit it as to the

7    evidence it can use to rebut the presumption created by it. Certainly Parkowner could at

8    least conduct a marketing survey, compile an interest list from interested buyers, and

9    obtain refundable down payments from non-residents to show that notwithstanding an

10   apparent lack of resident support, there are enough interested outside buyers to insure a

11   successful conversion. This is not a novel idea. It is what condominium tower builders

12   have to do to secure construction lending before they begin to dig their holes.

13       Finally, Parkowner suggests that it is entitled to a "trial" on whether the PCONO is

14   rationally related to a legitimate government purpose. City is unaware of any case

15   requiring a trial. Such facial claims are always resolved on the pleadings. The Court

16   merely examines the face of the ordinance, compares its operative provisions with its

17   purposes, and decides whether a legislator could rationally have believed the ordinance

18   would achieve its purpose. *See, e.g., Hotel & Motel Ass'n of Oakland v. City of Oakland*,

19   344 F. 3d 959, 966-67 (9th Cir. 2003). There are no facts to be "tried" here. The PCONO

20   clearly states its purpose. City agrees it was passed in response to Parkowner's expressed

21   intent to convert its park. There are no complex financial issues because the PCONO has

22   no analyzable financial impact on Parkowner until it applies for conversion and goes

23   through the process.

24   **C.    Parkowner Fails To State Either A Public Or A Private Takings Claim**

25       In its moving papers City argued that Parkowner failed to state a takings claim,

26   either public or private, as to the RCO and PCLO. Parkowner's Opposition largely

27   I:\1280.010\Pleadings\006 Defs Reply to Plts Oppos.wpd

28

1    ignores those arguments and instead focuses on the PCONO.  Opp. at 8-13 and 22-25.

2        The central problem with either takings theory is that the mere enactment of the

3    PCONO took nothing from Parkowner.  It merely regulates a conversion to resident

4    ownership should Parkowner decide to do so.[3]  On its face, the PCONO does not prohibit

5    such conversion, or impose economically prohibitive impediments.  More important, the

6    PCONO simply does not on its face deny Parkowner economically viable use of its land.

7    Even if Parkowner cannot convert its park for whatever reason, it can still operate it as an

8    economically viable business, and receive a fair return under the RCO.

9        As for Parkowner's private taking claim, City believes it is simply a failed

10   substantive due process claim.  As discussed above, the PCONO is rationally related to a

11   legitimate public purpose.

### CONCLUSION

13        For the foregoing reasons, the Court should dismiss Parkowner's Complaint.

Respectfully Submitted,

15   Dated: December 5, 2007       Henry E. Heater
                        Linda B. Reich
16                          Endeman, Lincoln, Turek & Heater LLP

17                          John G. Barisone
                         City Attorney, City of Capitola
18                          Atchison, Barisone, Condotti & Kovacevich

20                 By:_____

21                          Henry E. Heater
                         Attorneys for Defendant City of
                         Capitola

---

26       [3] Parkowner could avoid the PCONO altogether by selling the entire park to a
27 resident-owned corporation, and then allowing the residents to subdivide it.

I:\1280.010\Pleadings\005 Defs Reply to Plts Oppos.wpd

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS

C07 05043 RS

-9-