Henry E. Heater (State Bar #99007)
Linda B. Reich (State Bar #87619)
Endeman, Lincoln, Turek & Heater LLP
600 "B" Street, Suite 2400
San Diego, California 92101-4508
(619) 544-0123
Fax (619) 544-9110

John G. Barisone (State Bar #087831)
City Attorney, City of Capitola
Atchison, Barisone, Condotti & Kovacevich
333 Church Street
Santa Cruz, California 95060-3811
(831) 423-8383
Fax (831) 423-9401

Attorneys For Defendant
City of Capitola

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF AND SAND, LLC, a California Limited Liability Company,<br><br>             Plaintiff,<br><br>CITY OF CAPITOLA, and DOES 1 through 10, Inclusive<br><br>             Defendants. | CASE NO. C07 05043<br><br>Judge: Richard Seeborg<br><br>**E-FILING**<br><br>Date: May 21, 2008<br>Time: 9:30 a.m.<br>Ctrm: 3, 5th Floor<br><br>ACTION FILED: 10/01/07 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I:\1280.010\Pleadings\0012 Defs Reply to Plts Oppos to Mtn to Dismiss 1AC.wpd

**TABLE OF CONTENTS**

**Pages**

INTRODUCTION .................................................................... 1

ARGUMENT ......................................................................... 1

I     PARKOWNER FAILS TO STATE ANY TAKINGS CLAIM - PUBLIC OR PRIVATE .................................................................. 1

II    PARKOWNER CANNOT STATE A PRIVATE TAKING OR SUBSTANTIVE DUE PROCESS CLAIM BECAUSE THE PCONO IS RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT PURPOSE .............. 2

III   PARKOWNER FAILS TO STATE AN EQUAL PROTECTION CLAIM BECAUSE THE PCONO IS FACIALLY NEUTRAL ..................... 3

CONCLUSION ...................................................................... 4

# TABLE OF AUTHORITIES

**CASES**                                                                                                   **Pages**

*Garnau v. City of Seattle*
    147 F.3d 802 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATUTES**

Cal. Gov't Code § 66427.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

I:\1280.010\Pleadings\0012 Defs Reply to Plts Oppos to Mtn to Dismiss 1AC.wpd

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
-ii-                                                                                                              C07 05043 RS

# INTRODUCTION

Defendant's ("Parkowner") Opposition is rife with contradiction. Parkowner appears to insist that it has a bona fide intent to convert its Park to resident ownership. At the same time however, it has informed both the Park residents and defendant ("City") that it intends to close the park instead.

Moreover, in the midst of a deepening real estate recession, Parkowner complains that its residents do not want to buy their spaces. Parkowner calls this a resident "veto"; however, given that the residents are the only likely potential buyers, Parkowner essentially is claiming that the "market" will veto its subdivision. Certainly a professed intent to convert the Park, during a recession, and with no willing buyers, does not appear bona fide.

Parkowner's facial private and public takings claim fail for the simple reason there was no taking caused by the mere enactment of the PCONO. Indeed, the PCONO's economic impact on Parkowner, if any, is unknowable until Parkowner goes through the conversion process.

Parkowner's private taking and substantive due process claims fail because City rationally could have believed that if most Park residents were unwilling to buy their spaces, any Park conversion might be unsuccessful.

Parkowner's equal protection claim fails because on its face the ordinance does not treat similarly situated mobilehome parkowners differently.

# ARGUMENT

## I

### PARKOWNER FAILS TO STATE ANY TAKINGS CLAIM - PUBLIC OR PRIVATE

The *sine qua non* of any facial taking claim is economic impact. Here Parkowner must show that the mere enactment of the PCONO caused such "severe" diminution in

1  value of its park that it is "commercially impracticable for [it] to continue operating [its
2  park]." *Garnau v. City of Seattle*, 147 F.3d 802, 807-08 (9th Cir. 1998). Parkowner makes
3  no such allegation. Nor has it applied for a rent increase under the RCO on the grounds it
4  is not receiving a fair return on its Park.
5      Moreover, the Court can see that on its face, the PCONO has no economic impact
6  on Parkowner until such time as Parkowner attempts to convert its Park.

## II

### PARKOWNER CANNOT STATE A PRIVATE TAKING OR SUBSTANTIVE DUE PROCESS CLAIM BECAUSE THE PCONO IS RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT PURPOSE

11      Parkowner complains that resident interest in buying its park is irrelevant to the
12  issue of a bona fide conversion. Parkowner forgets that it was the State - not the City -
13  that initially imposed the requirement of a resident survey (Cal. Gov't Code § 66427.5(d))
14  for the very purpose of determining whether a proposed conversion was bona fide.[1] All
15  City's Ordinance does is procedurally flesh out how the survey is to be used. Parkowner
16  never sued the State to challenge the validity of section 66427.5.(d).
17      Parkowner apparently is so accustomed to having an adversarial relationship with
18  its Residents, that it also forgets that these very Residents are its potential customers in
19  any conversion. If Parkowner does not have any customers for its conversion, it certainly
20  is not City's fault. Moreover, a lack of sufficient customers willing to buy spaces
21  certainly is some indication that a conversion might not be successful. Where a
22  parkowner purports to sell his park to its residents, knowing they will not buy it and that
23  he cannot successfully convert it, a reasonable inference is that he has some intent other

---

[1] Given the State intended the survey to help determine whether a proposed conversion was bona fide, it is difficult to understand what information it expected to collect other than the park residents' interest in and financial ability to buy the spaces in their Park.

I:\1280.010\Pleadings\0012 Defs Reply to Plts Oppos to Mtn to Dismiss 1AC.wpd

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

C07 05043 RS

-2-

than going through the conversion process.

## III

### PARKOWNER FAILS TO STATE AN EQUAL PROTECTION CLAIM BECAUSE THE PCONO IS FACIALLY NEUTRAL

On its face the PCONO does not purport to treat similarly situated property owners differently. Under the circumstances Parkowner's equal protection claim does not challenge the PCONO itself.

Parkowner instead claims that City did not enact the PCONO in response to earlier conversion of a resident-owned park, but only passed it in response to Parkowner's expressed intent to convert its park. Parkowner's argument, however, misses the point.

First, any time a City enacts a new land use restriction, affected property owners will be able to claim that similarly situated pre-restriction property owners did not face the same restriction. If such a claim evidences an equal protection violation, no governmental entity could promulgate new land use regulations.

Second, Parkowner fails to negate any rational reason why the PCONO was not adopted earlier. As City noted in its motion, the previous subdivision was of a park that was owned by a resident-owned corporation. As a resident-owned park, it was exempt from rent control and the City certainly had a rational basis for therefore concluding that it was not a sham conversion to avoid rent control.

Parkowner's proposed conversion was the first private conversion proposed after the amendment of Government Code Section 66427.5. Because Section 66427.5 was silent as to the survey's contents, or any procedures for its use, the City needed to adopt a local ordinance to fill these gaps.

/ / /

/ / /

I:\1280.010\Pleadings\0012 Defs Reply to Plts Oppos to Mtn to Dismiss 1AC.wpd

---

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

C07 05043 RS

-3-

## CONCLUSION

For the foregoing reasons, the Court should dismiss Parkowner's First Amended Complaint.

Respectfully Submitted,

Dated: April 28, 2008

Henry E. Heater
Linda B. Reich
Endeman, Lincoln, Turek & Heater LLP

John G. Barisone
City Attorney, City of Capitola
Atchison, Barisone, Condotti & Kovacevich

By: *Linda Reich for*
Henry E. Heater
Attorneys for Defendant City of Capitola

I:\1280.010\Pleadings\0012 Defs Reply to Plts Oppos to Mtn to Dismiss 1AC.wpd

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

C07 05043 RS

-4-