*E-FILED 5/28/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SURF AND SAND, LLC.,<br><br>        Plaintiff,<br>v.<br><br>CITY OF CAPITOLA,<br><br>        Defendant. | NO. C 07-05043 RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff Surf and Sand, LLC challenges certain ordinances of the City of Capitola that it contends have the effect of unconstitutionally transferring the increased value of Surf and Sand's land to the tenants of a mobile home park located on that land. The Court previously dismissed the complaint, with leave to amend, within certain prescribed limits. Surf and Sand then filed an amended complaint that (1) includes a claim for relief that the prior order expressly declined leave to add, and (2) does not meaningfully attempt to remedy the pleading defects identified in the prior order. Capitola's motion to dismiss the amended complaint will therefore be granted, without leave to amend.

## II. BACKGROUND

As set out in greater detail in the prior order, Surf and Sand owns the Surf and Sand Mobilehome Park ("the Park"), which is subject to the City of Capitola's Rent Control Ordinance ("RCO"); Park Closure Ordinance ("PCO"); and, most recently, a "Conversion Ordinance." The Conversion Ordinance regulates the circumstances under which a park owner may convert a mobilehome park to resident ownership. At particular issue here is a provision in the Conversion Ordinance that any conversion plan will be presumed to be a "sham" unless a majority of tenants has approved it.[1]

As in its opposition to the prior motion to dismiss, Surf and Sand argues that the effect of the Conversion Ordinance, particularly in conjunction with the RCO and the PCO, is that it will now be unable to realize the true economic value of its real property, and that it has thereby been deprived of its constitutional rights.

Surf and Sand's amended complaint in this action differs from its previously-dismissed complaint only in that it (1) includes additional quotations from the challenged ordinances; (2) adds a claim for relief for inverse condemnation;[2] (3) adds a claim for declaratory relief,[3] and; (4) adds an express allegation that three city council members attended a tenant meeting that Surf and Sand organized to discuss possible conversion of the park, and that at least one of them spoke out against the conversion at the meeting.

---

[1] The concern regarding possible "sham" conversions arises from California Government Code section 66427.5 (f), which phases out rent control once a conversion is under way. In *El Dorado Palm Springs, Ltd. v. City of Palm Springs*, 96 Cal. App. 4th 1153, 1165 (2002) the court recognized that under a prior version of the statute, a park owner theoretically could sell a single unit (perhaps to itself) then price the remaining units prohibitively and enjoy perpetual exemption from rent control without ever completing the conversion.

[2] This Court's prior order expressly denied Surf and Sand's request for leave to amend to add a claim for inverse condemnation. At the hearing, counsel for Surf and Sand apologized for overlooking that aspect of the prior order. While Surf and Sand is correct that the Court could exercise supplemental jurisdiction over such a claim in the event there is a viable federal claim, the Court concludes no such federal claim has been stated.

[3] Capitola requests judicial notice of a document suggesting the Surf and Sand may now be pursuing *closure* of the Park, instead of conversion. On its face the document is inconclusive as to Surf and Sand's ultimate intent, and that intent is only tangentially relevant to the issues raised in this motion. Additionally, Capitola has not established that the document is subject to judicial notice. Accordingly, the request for judicial notice is denied.

2

### III. STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under FRCP 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### IV. DISCUSSION

The Court's prior order concluded the following:

(1) To the extent Surf and Sand intended to challenge the validity of the RCO and PCO, its claims were time-barred, notwithstanding any argument that the enactment of the Conversion Ordinance might have somehow revived such claims.

(2) Surf and Sand's public takings claim is not ripe because it must first seek compensation through the state law remedy of an inverse condemnation action.

(3) Surf and Sand's remaining claims were "unripe" for the "more fundamental reason" that Surf and Sand did not allege that it had attempted to carry out a conversion but had been prevented from doing so by the Conversion Ordinance.

In granting leave to amend, the Court stated:

As noted above, Surf and Sand requests leave to amend to state a state

3

> law inverse condemnation claim. That request is denied, for the reason that absent a ripe federal claim, there would be no basis to exercise supplemental jurisdiction. As to the constitutional claims, Surf and Sand has not suggested any way in which the ripeness issue could be cured by amendment. Nevertheless, because this is the first motion to dismiss, Surf and Sand will be granted 20 days leave to amend. Surf and Sand should file an amended complaint if and only if it has a good faith basis for believing that the defect can be cured.

Surf and Sand's amended complaint, and its opposition to the present motion to dismiss, appear largely to ignore the prior order. Surf and Sand is entitled, of course, to disagree with the Court's analysis, and it could seek relief through the procedures applicable to motions for reconsideration, or through appellate remedies. Certain standards apply when those remedies are sought, however, and Surf and Sand has made no showing here that it is entitled to a different result when it has alleged no new material facts or law.

Surf and Sand has done little to explain how its amended complaint differs from the original complaint, nor how any such differences might address the concerns identified by the Court in the prior order. Instead, Surf and Sand appears simply to reargue the points it proffered in the course of the prior motion to dismiss.[4]

The one obviously new claim is Surf and Sand's assertion that it is entitled to recover under the state law doctrine of inverse condemnation.[5] The Court's prior order, however, expressly denied Surf and Sand's request for leave to add such a claim. If Surf and Sand believed it had a right or good cause to plead that claim in this action, it was incumbent on it to seek relief from the prior order.

Capitola suggests that the Court's prior order may not have accurately described the basic defect in the complaint when it stated that Surf and Sand's grievance was "unripe." Capitola concedes that a facial challenge to a statute or ordinance is always ripe upon enactment of the statute or ordinance. Nevertheless, the Court agrees with Capitola that, however characterized, Surf and

---

[4] At oral argument, Surf and Sand pointed to its allegations regarding city council members' attendance at the tenant meeting, arguing those facts supports an inference that the ordinance was adopted for reasons other than those stated on its face. Even if such an inference is warranted, however, it does not address the claim deficiencies identified in this and the prior order.

[5] Surf and Sand's other "new" claim–for declaratory relief–rises or falls with its other claims.

4

Sand has failed to state a claim. Surf and Sand repeatedly *argues* that the effect of the Conversion Ordinance (together with the other ordinances) will be to transfer the increased land value from Surf and Sand to the Park tenants. Nothing on the face of the Conversion Ordinance effects such a transfer. Even assuming Surf and Sand has alleged sufficient facts to support an inference that Park residents would not support a conversion plan acceptable to Surf and Sand, that at most would burden Surf and Sand with a "presumption" that its conversion plan was not "bona fide." Surf and Sand's entire theory appears to be grounded on an assumption that it could not overcome such a presumption, but it has alleged no facts, nor any aspect of the challenged ordinance, that would support such a conclusion. Additionally, as the prior order observed, were Capitola to act unreasonably in rejecting evidence that Surf and Sand's intent to convert is *bona fide,* Surf and Sand likely would have a remedy in the state courts.

In short, Surf and Sand seems to have concluded that Capitola's ordinance will prevent it from converting the Park on economic terms acceptable to it. Such an unadorned conclusion, however, cannot substitute for properly pleaded facts sufficient to form the basis of a constitutional claim.

## V. CONCLUSION

The motion to dismiss is granted, without leave to amend.

IT IS SO ORDERED.

Dated: May 28, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE MOTION TO DISMISS
C 07-05043 RS

1 | THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:

2 | Mark D. Alpert     malpert@hkclaw.com, smoore@hkclaw.com

3 | Robert S. Coldren     rcoldren@hkclaw.com

4 | C. William Dahlin     billd@hkclaw.com, smoore@hkclaw.com

5 | Henry E. Heater     hheater@elthlaw.com, slinn@elthlaw.com

6 | Linda B. Reich     lreich@elthlaw.com, msnider@elthlaw.com

7

8 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9

10 | Dated: 5/28/08                              Richard W. Wieking, Clerk

11

12                                                    By:     __Chambers__

13

ORDER RE MOTION TO DISMISS
C 07-05043 RS

6

PROOF OF SERVICE

SURF AND SAND, LLC, a California Limited Liability Company v.

CITY OF CAPITOLA; and DOES 1 through 100, inclusive

Court Case No. C07 05043 RS

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 200 Sandpointe, Fourth Floor, Santa Ana, California 92707. On June 23, 2007, I caused the foregoing documents(s) described as: **NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** to be served on the interested parties in this action as follows:

by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☐ **BY OVERNIGHT COURIER.** I caused such envelope to be placed for collection and delivery on this date in accordance with standard delivery procedures.

☐ **BY ELECTRONIC TRANSMISSION.** I caused such document to be served on this date by electronic transmission in accordance with standard procedures and to the e-mail address listed on the attached service list.

☐ **BY FACSIMILE:** I caused such document(s) to be transmitted by facsimile transmission from a facsimile transmission machine, at Santa Ana, California, with the telephone number, (714) 546-7457 to the parties and/or attorney for the parties at the facsimile transmission number(s) shown above. The facsimile transmission was reported as complete without error by a transmission report, issued by the facsimile transmission machine upon which the transmission was made. A true and correct copy of the transmission report is attached hereto and incorporated herein by reference.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above-referenced person(s).

☒ [Federal] I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 23, 2007, at Santa Ana, California.

_____
JILL MCINTEE

i

38019.004/7

SERVICE LIST
SURF AND SAND, LLC, a California Limited Liability Company v.
CITY OF CAPITOLA; and DOES 1 through 100, inclusive
Court Case No. C07 05043 RS

Linda B. Reich, Esq.　　　　　　　　　　　　　*Attorneys for Defendant,*
lreich@elthlaw.com　　　　　　　　　　　　　　*CITY OF CAPITOLA*
Endeman, Lincoln, Turek & Heater
600 "B" Street, Suite 2400
San Diego, CA 92101-4508
TEL.: (619) 544-0123
FAX: (619) 544-9110

John G. Barisone, Esq.　　　　　　　　　　　　*Attorneys for Defendant,*
jbarisone@abc-law.com　　　　　　　　　　　　*CITY OF CAPITOLA*
Atchison, Barisone, Condotti & Kovacevich
333 Church Street
Santa Cruz, CA 95060
TEL.: (831) 420-6200
FAX: (831) 423-9401

ii

38019.004/7